AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means          ☐ Original     ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the*<br>*person by name and address)*<br><br>Items Described in Attachment A | )<br>)<br>)<br>)  Case No.  8:23-MJ-00119<br>)<br>)<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the Central District of California *(identify the person or describe the property to be searched
and give its location)*:

*See Attachment A*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property
described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference and attached hereto.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the
person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the
property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory
as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return</u>
<u>through a filing with the Clerk's Office.</u>

☐ Pursuant to <u>18 U.S.C. § 3103a(b)</u>, I find that immediate notification may have an adverse result listed in <u>18 U.S.C.</u>
<u>§ 2705</u> (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose
property, will be searched or seized *(check the appropriate box)*

☐ for_____days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of  _____.

Date and time issued:     <u>02/27/2023 at 2:25 p.m.</u>                                           *Judge's signature*

City and state: <u>Santa Ana, CA</u>                          Hon. John D. Early, U.S. Magistrate Judge
                                                                    *Printed name and title*

AUSA: M. Rabbani

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>8:23-MJ-00119 | Date and time warrant executed:<br>03/01/23 at 1316 | Copy of warrant and inventory left with:<br>USPS |

Inventory made in the presence of :
   USPIS TFO Z. Sumpter

Inventory of the property taken and name of any person(s) seized:

      9405509205568370749240
      $8,000 US Currency
      Parcel Wrappings


      9505511657073052443589
      $3,300 US Currency
      Parcel Wrappings


      EI464179458US
      $9,200 US Currency
      Parcel Wrappings

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date:   03/01/23

                      /s/ David Thompson
                      *Executing officer's signature*

                      David Thompson, USPIS TFO
                      *Printed name and title*

## <u>AFFIDAVIT</u>

I, David Thompson, being duly sworn, declare and state as follows:

### I.  <u>TRAINING AND EXPERIENCE</u>

1.    I am a Task Force Officer ("TFO") with the United States Postal Inspection Service ("USPIS") and have been so employed since December of 2021.  I am currently assigned as a Task Force Officer to the Contraband Interdiction and Investigations South Team of the Los Angeles Division, which is responsible for investigating drug trafficking violations involving the United States Mail.  As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.  Prior to being assigned as a TFO with the USPIS, I worked patrol and investigations as a full-time sworn law enforcement officer with the Chino Police Department ("CPD").  I have been a sworn law enforcement officer since October 2013.  I am a Police Officer within the meaning of Section 830.1 of the California Penal Code.

2.    I have received training and have experience investigating violations of state and federal narcotics and money laundering laws, including, but not limited to Title 21, United States Code, Sections 841, 846, 952, 959 and 963 and Title 18, United States Code, Section 1956(a).  I have been

involved in various electronic surveillance methods including
state and federal wiretap investigations, the debriefing of
informants and witnesses, as well as others who have knowledge
of the manufacturing, distribution, transportation, storage, and
importation of controlled substances and the laundering of drug
proceeds.

3.    I have received training and have experience
investigating violations of state and federal narcotics and
money laundering laws, including, but not limited to Title 21,
United States Code, Sections 841, 846, 952, 959 and 963 and
Title 18, United States Code, Section 1956(a).  I have been
involved in various electronic surveillance methods including
state and federal wiretap investigations, the debriefing of
informants and witnesses, as well as others who have knowledge
of the manufacturing, distribution, transportation, storage, and
importation of controlled substances and the laundering of drug
proceeds.

4.    I have participated in many aspects of drug
investigations, including investigations into the smuggling of
illegal drugs, money laundering, and extortion related to drug
trafficking.  I am familiar with narcotics traffickers' methods
of operation, including the manufacturing, storage,
transportation, and distribution of narcotics, the collection of
money that represents the proceeds of narcotics trafficking, and
money laundering.  I am also familiar with the manner in which
narcotics traffickers transport and distribute narcotics in
areas they control.  I am familiar with how drug traffickers

utilize counter-surveillance techniques to avoid detection by law enforcement.  I also know that drug traffickers often communicate with their drug-trafficking associates through the use of cellular telephones.  I have become aware that more sophisticated drug trafficking networks now utilize the dark web, e-mail, Voice over Internet Protocol, video chat, internet messaging services, and social networking sites to communicate with one another.  During drug-related communications, traffickers often use coded or cryptic language to disguise the drug-related nature of their conversations.

## II. PURPOSE OF AFFIDAVIT

5.   This affidavit is made in support of a search warrant for the SUBJECT PARCELS described below in paragraph 7 and Attachment A, for the items listed in paragraph 8 and Attachment B.  The items to be seized constitute the fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute a Controlled Substance) and 843(b) (Unlawful Use of a Communication Facility to Facilitate the Distribution of a Controlled Substance).

6.   The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all

conversations and statements described in this affidavit are related in substance and in part only.

### III. <u>PARCELS TO BE SEARCHED</u>

7.   This affidavit is made in support of an application for a search warrant for the following two United States Postal Service ("USPS") Priority Mail parcels and one USPS Priority Mail Express parcel (hereinafter referred to as the "SUBJECT PARCELS"). The SUBJECT PARCELS are currently secured at the Chino Police Department located at 5450 Guardian Way, Chino, California:

a.   SUBJECT PARCEL 1 is a United States Postal Service Priority Mail parcel bearing tracking number 9405509205568370749240. SUBJECT PARCEL 1 is a USPS large flat rate box. SUBJECT PARCEL 1 is addressed to "Conner Meade, 4225 Dana Rd, Newport Beach, CA 92663-3603." The return address listed on SUBJECT PARCEL 1 is "Christopher Spalding, 1400 Congress St, Lafayette, IN 47905-1242." SUBJECT PARCEL 1 was postmarked on February 18, 2023, in the 47905 ZIP code.

b.   SUBJECT PARCEL 2 is a United States Postal Service Priority Mail parcel bearing tracking number 9505511657073052443589. SUBJECT PARCEL 2 is USPS Mailing Envelope. SUBJECT PARCEL 2 is addressed to "Ryan Dascanio, 4225 Dana Rd, Newport Beach CA 92663." The return address listed on SUBJECT PARCEL 2 is "Damian Carol, 522 S 10th St, Burlington IA 52601." SUBJECT PARCEL 2 was postmarked on February 21, 2023, in the 52601 ZIP code.

c.   SUBJECT PARCEL 3 is a United States Postal

Service Priority Mail Express parcel bearing tracking number EI464179458US.  SUBJECT PARCEL 3 is a medium-sized brown cardboard box.  SUBJECT PARCEL 3 is addressed to "Ryan Dascanio, 4225 Dana Rd, Newport Beach, CA 92663-92663."  The return address listed on SUBJECT PARCEL 3 is "Kimari Webster, 2423 ironstone dr w, Jacksonville, FL 32246."  SUBJECT PARCEL 3 was postmarked on February 21, 2023, in the 32218 ZIP code.

## IV. ITEMS TO BE SEIZED

8.   The items to be seized from the SUBJECT PARCELS constitute fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 843(b). The items to be seized are identified in Attachment B and are incorporated herein by reference.

## V.  STATEMENT OF PROBABLE CAUSE

### A.   Background

9.   As described in detail below, the SUBJECT PARCELS are inbound parcels to Newport Beach, California, from different regions of the United States and were selected for investigation because they met certain criteria common to packages containing contraband.  The SUBJECT PARCELS are believed to contain controlled substances or the proceeds from the trafficking of controlled substances based on, among other things, positive alerts by a trained narcotics-detection canine.

10.  Based on my training and discussions with experienced Postal Inspectors, I know that Postal Inspectors have been conducting investigations of drug trafficking via USPS Express Mail and Priority Mail since the mid-1980s.  In particular, they

began conducting organized interdictions of Express Mail and Priority Mail parcels suspected of containing controlled substances and proceeds from the sale of controlled substances in the Los Angeles area in the early 1990s. Along with conducting organized interdictions, Postal Inspectors also regularly examine and investigate Express Mail and Priority Mail parcels throughout the year. During the 1990s, Postal Inspectors observed that the trend was for drug traffickers to send controlled substances and proceeds from the sale of controlled substances using boxes, with the proceeds in the form of cash. Although Postal Inspectors still see the use of boxes for controlled substances and cash, there has been a gradual change over the years toward the current trend of smaller boxes, flat cardboard envelopes, and Tyvek envelopes, with proceeds from the sale of controlled substances converted to money orders. By using money orders, drug traffickers are able to send large dollar amounts in compact form, using much smaller conveyances that lend a sense of legitimacy to the parcel.

11. From my training, personal experience, and the collective experiences related to me by Postal Inspectors on my team who specialize in investigations relating to the mailing of controlled substances and drug proceeds, I am aware that the greater Los Angeles area is a major source area for controlled substances. As such, controlled substances are frequently transported from the greater Los Angeles area via the United States Mail, and the proceeds from the sale of the controlled substances are frequently returned to the greater Los Angeles

area via the United States Mail.  These proceeds are generally
in large amounts of money over $1,000.

12.  I also know based on my training and experience that
drug traffickers will often use one of two USPS services:
Priority Mail Express Service, which is the overnight/next day
delivery mail service, and Priority Mail Service, which is the
two-to-three day delivery mail service.  Drug traffickers use
Priority Mail Express delivery services because of their speed,
reliability, and the ability to track the package's progress to
the intended delivery point.  Drug traffickers often use
Priority Mail delivery services because they allow drug
traffickers more time for travel between states if they are
following their shipments to their destinations for
distribution.  Like Priority Mail Express, Priority Mail also
allows drug traffickers to track the package's progress to the
intended delivery point.

13.  Based on information derived and built upon over many
years, I, like other Postal Inspectors and Task Force Officers,
initially look for certain characteristics when examining
Priority Mail Express and Priority Mail for controlled
substances or drug proceeds.  These characteristics include:

a.  The article is contained in a box, flat cardboard
mailer, or Tyvek envelope;

b.  The article bears a handwritten label; and/or

c.  The handwritten label on the article does not
contain a business account number.

14.  Parcels found to meet these characteristics are

scrutinized by Postal Inspectors and Task Force Officers through further investigation, which may include return and addressee address verifications and trained narcotics-detecting canine examination.  Postal Inspectors and Task Force Officers will also look for additional drug or drug proceed parcel characteristics such as:

   a.   The seams of the article are taped or glued shut;

   b.   The article emits the odor of a cleaning agent, adhesive, or spray foam, detectable by a human; and/or

   c.   Multiple articles are mailed to the same individual, on the same day, from different locations.

   15.   Based on my training and experiences and information learned during discussions with Postal Inspectors, I know that drug traffickers often use fictitious or incomplete names and/or addresses in an effort to conceal their identity from law enforcement.  Indeed, it is my experience that when real addresses are used, it is only to lend a legitimate appearance to the parcel and is almost always paired with a false name.

   **B.   Investigation of the SUBJECT PARCELS**

   16.   On February 24, 2023, I was notified by another Postal Inspector that the SUBJECT PARCELS were referred to me from the Newport Beach, CA Post Office due to being destined for a suspicious address.  I retrieved the parcels on February 24, 2023 and profiled them.  Upon initial inspection, I noticed that all three parcels listed a destination address that, according to USPS business records, was associated with a previous seizure of suspected proceeds from narcotics sales on January 19, 2023.

17.   In particular, on January 18, 2023, in case number
8:23-mj-00044, the Honorable Douglas F. McCormick, United States
Magistrate Judge for the Central District of California, issued
a search warrant authorizing me to open a USPS Priority Mail
Express parcel addressed to "Connor Meade, 4225 Dana Rd, Newport
Beach, CA 92663-3603." The MEADE PARCEL was found to contain
$24,450 in US Currency of suspected proceeds from drug sales and
was seized.  During my initial profiling of the SUBJECT PARCELS,
I discovered the SUBJECT PARCELS also met some of the initial
suspicious characteristics described above in paragraph 13.
Specifically:

a.   SUBJECT PARCEL 1 had excessive tape along the top
seam and did not have any phone numbers listed for the sender or
recipient.  Based on my training and experience, I know that
drug traffickers often use a large amount of tape on the seams
of packages containing narcotics as an attempt to avoid
detection by a narcotic detection canine.  In addition, from my
training and experience, I know subjects who send or receive
narcotics and proceeds from narcotics sales often do not write
phone numbers on the parcel to avoid being associated to the
parcel by law enforcement.

b.   SUBJECT PARCEL 2 had handwritten address
information in ink on the parcel and did not contain a business
account number.  Based on my training and experience, I know
that drug traffickers will often hand write addresses on parcels
because it is easy to remain anonymous and use return addresses
that won't verify with the USPS database.  SUBJECT PARCEL 2 did

not have any phone numbers listed.

      c.   SUBJECT PARCEL 3 had handwritten address information in ink on the parcel and did not contain a business account number.  SUBJECT PARCEL 3 did not have any phone numbers listed, and had excessive tape along all seams.

    18.   Furthermore, SUBJECT PARCEL 3 was mailed from a postal facility other than the zip code listed for the sender.  I know that drug traffickers will often mail from postal facilities other than those which are located in their respective ZIP code to further mask their association with the parcel.

**C.   Investigation of SUBJECT PARCELS Using CLEAR Database Checks**

    19.   On February 24, 2023, I examined the SUBJECT PARCELS and reviewed CLEAR database[1] records related to the sender and recipient information listed on the SUBJECT PARCELS and learned the following:

      a.   With respect to SUBJECT PARCEL 1, the listed sender's name was "Christopher Spalding" which was associated to the listed sender address. The listed recipient, "Conner Meade," was not associated with the listed recipient address.

      b.   With respect to SUBJECT PARCEL 2, the listed sender name was "Damian Carol" which was not associated with the listed sender address.  The listed recipient, "Ryan Dascanio," was associated with the listed recipient address.

      c.   With respect to SUBJECT PARCEL 3, the listed

---

[1] CLEAR is a public information database used by law enforcement that provides names, addresses, telephone numbers, and other identifying information.

10

sender name was "Kimari Webster" which was not associated with the listed sender address.  The listed recipient, "Ryan Dascanio," was associated with the listed recipient address.

### D.    **Positive Canine Alert on the SUBJECT PARCELS**

20.  On February 24, 2023, Chino Police Department Officer Angel Bran and his narcotics-detection canine, "Cyra," conducted an exterior examination of each of the SUBJECT PARCELS.  These exterior examinations were completed individually, with the use of decoy parcels.  Officer Bran told me that Cyra gave a positive alert to each of the SUBJECT PARCELS, indicating the presence of controlled substances or other items that emitted the odor of controlled substances, in the SUBJECT PARCELS.  Attached hereto as Exhibit 1, which I incorporate fully herein by reference, are documents setting forth Officer Bran's and Cyra's training and experience in detecting controlled substances, and the examination of SUBJECT PARCELS.

### VI. CONCLUSION

21.  Based on the above, I believe there is probable cause to believe that the SUBJECT PARCELS described in Attachment A

//

//

//

//

//

//

//

//

11

each contain evidence of violations of Title 21, United States
Code, Sections 841(a)(1) and 843(b).

/s/
_____
DAVID THOMPSON, Task Force
Officer
United States Postal
Inspection Service


Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 27 day of
February 2023.

_____
THE HONORABLE JOHN D. EARLY
UNITED STATES MAGISTRATE JUDGE

12

**ATTACHMENT A**

**PARCELS TO BE SEARCHED**

1.    This affidavit is made in support of an application for a search warrant for the following two United States Postal Service ("USPS") Priority Mail parcels and one United States Postal Service Priority Mail Express parcel (hereinafter referred to as the "SUBJECT PARCELS").  All the SUBJECT PARCELS are currently secured at the Chino Police Station located at 5450 Guardian Way, Chino, California:

    a.    SUBJECT PARCEL 1 is a United States Postal Service Priority Mail parcel bearing tracking number 9405509205568370749240.  SUBJECT PARCEL 1 is a USPS large flat rate box.  SUBJECT PARCEL 1 is addressed to "Conner Meade, 4225 Dana Rd, Newport Beach, CA 92663-3603."  The return address listed on SUBJECT PARCEL 1 is "Christopher Spalding, 1400 Congress St, Lafayette, IN 47905-1242."  SUBJECT PARCEL 1 was postmarked on February 18, 2023, in the 47905 ZIP code.

    b.    SUBJECT PARCEL 2 is a United States Postal Service Priority Mail parcel bearing tracking number 9505511657073052443589.  SUBJECT PARCEL 2 is USPS Mailing Envelope.  SUBJECT PARCEL 2 is addressed to "Ryan Dascanio, 4225 Dana Rd, Newport Beach CA 92663."  The return address listed on SUBJECT PARCEL 2 is "Damian Carol, 522 S 10th St, Burlington IA 52601."  SUBJECT PARCEL 2 was postmarked on February 21, 2023, in the 52601 ZIP code.

    c.    SUBJECT PARCEL 3 is a United States Postal Service Priority Mail Express parcel bearing tracking number

i

EI464179458US.  SUBJECT PARCEL 3 is a medium-sized brown cardboard box.  SUBJECT PARCEL 3 is addressed to "Ryan Dascanio, 4225 Dana Rd, Newport Beach, CA 92663-92663."  The return address listed on SUBJECT PARCEL 3 is "Kimari Webster, 2423 ironstone dr w, Jacksonville, FL 32246."  SUBJECT PARCEL 3 was postmarked on February 21, 2023, in the 32218 ZIP code.

## **ATTACHMENT B**

**ITEMS TO BE SEIZED**

    1.   The following are the items to be seized from SUBJECT PARCELS 1 through 9, which constitute the fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Distribution and Possession with Intent to Distribute a Controlled Substance) and 843(b) (Unlawful Use of a Communication Facility (including the mails) to Facilitate the Distribution of a Controlled Substance):

    a.   Any controlled substances, including marijuana;

    b.   Currency, money orders, bank checks, or similar monetary instruments in aggregate quantities over $1,000; and

    c.   Any associated packaging.

*l*

**AFFIDAVIT**

**HANDLER ANGEL BRAN AND K9 "CYRA"**

I, *Officer Angel Bran,* attended the Adlerhorst Police Dog Handler Course in June 2019 with Police Service Dog (PSD) Cyra. I received 240 hours of instruction in basic police dog handling skills. PSD Cyra and I were certified as a patrol team in August 2019. In August 2020, PSD Cyra and I attended the Adlerhorst Police Dog School Drug Detection Class. During this course, PSD Cyra and I receive 240 hours of instruction in the detection of the odor of illegal drugs. In September 2020, PSD Cyra and I passed a certification test in the detection of the odor of illegal drugs. During this course, I personally observed PSD Cyra alert to the presence of the odor of an illegal drug. I am familiar and knowledgeable in the behavior's PSD Cyra engages in when she detects the odor of illegal drugs.

I have been a Peace Officer since 2013 and have been present at hundreds of drug investigations since the start of my career. I have received formal training from the San Bernardino County Sheriff's Department, Chino Police Department and the California Narcotic Officers' Association on drug recognition and symptomology.

I do continual training with PSD Cyra through Adlerhorst International and out in the field during patrol or training sites hosted by different police departments. The training includes various hiding locations including, but not limited to: vehicles, buildings, bags, parcels and open areas. This training also includes proofing PSD Cyra on novel odors such as: plastic, boxes, latex, tape, metal, money (circulated and un-circulated) and food. I also proof PSD Cyra off my human odor. This training is on-going and continual.

On <u>02/24/23 @ 1559, TFO THOMPSON</u> asked the assistance of PSD Cyra and I in a narcotic parcel investigation. PSD Cyra alerted to the presence of the odor of an illegal drug emitting from the following:

USPS parcel: <u>9405 5092 0556 8370 7492 40</u>

Addressed to: <u>CONNER MEADE</u>
<u>4225 DANA RD</u>
<u>NEWPORT BEACH CA 92663-3603</u>

K9 Officer Angel Bran ID#3655
Chino Police Department

EXHIBIT 1
Page 1 of 3

2

## AFFIDAVIT

## HANDLER ANGEL BRAN AND K9 "CYRA"

I, **Officer Angel Bran,** attended the Adlerhorst Police Dog Handler Course in June 2019 with Police Service Dog (PSD) Cyra. I received 240 hours of instruction in basic police dog handling skills. PSD Cyra and I were certified as a patrol team in August 2019. In August 2020, PSD Cyra and I attended the Adlerhorst Police Dog School Drug Detection Class. During this course, PSD Cyra and I receive 240 hours of instruction in the detection of the odor of illegal drugs. In September 2020, PSD Cyra and I passed a certification test in the detection of the odor of illegal drugs. During this course, I personally observed PSD Cyra alert to the presence of the odor of an illegal drug. I am familiar and knowledgeable in the behavior's PSD Cyra engages in when she detects the odor of illegal drugs.

I have been a Peace Officer since 2013 and have been present at hundreds of drug investigations since the start of my career. I have received formal training from the San Bernardino County Sheriff's Department, Chino Police Department and the California Narcotic Officers' Association on drug recognition and symptomology.

I do continual training with PSD Cyra through Adlerhorst International and out in the field during patrol or training sites hosted by different police departments. The training includes various hiding locations including, but not limited to: vehicles, buildings, bags, parcels and open areas. This training also includes proofing PSD Cyra on novel odors such as: plastic, boxes, latex, tape, metal, money (circulated and un-circulated) and food. I also proof PSD Cyra off my human odor. This training is on-going and continual.

On 2·24·23 @ 1559 , TFO Thompson _____ asked the assistance of PSD Cyra and I in a narcotic parcel investigation. PSD Cyra alerted to the presence of the odor of an illegal drug emitting from the following:

USPS parcel: 9505 5116 5707 3052 4435 89

Addressed to: RYAN DASCANIO
4225 DANA RD
NEWPORT BEACH , CA 92663

K9 Officer Angel Bran ID#3655
Chino Police Department

EXHIBIT 1
Page 2 of 3

3

**AFFIDAVIT**

**HANDLER ANGEL BRAN AND K9 "CYRA"**

I, *Officer Angel Bran,* attended the Adlerhorst Police Dog Handler Course in June 2019 with Police Service Dog (PSD) Cyra. I received 240 hours of instruction in basic police dog handling skills. PSD Cyra and I were certified as a patrol team in August 2019. In August 2020, PSD Cyra and I attended the Adlerhorst Police Dog School Drug Detection Class. During this course, PSD Cyra and I receive 240 hours of instruction in the detection of the odor of illegal drugs. In September 2020, PSD Cyra and I passed a certification test in the detection of the odor of illegal drugs. During this course, I personally observed PSD Cyra alert to the presence of the odor of an illegal drug. I am familiar and knowledgeable in the behavior's PSD Cyra engages in when she detects the odor of illegal drugs.

I have been a Peace Officer since 2013 and have been present at hundreds of drug investigations since the start of my career. I have received formal training from the San Bernardino County Sheriff's Department, Chino Police Department and the California Narcotic Officers' Association on drug recognition and symptomology.

I do continual training with PSD Cyra through Adlerhorst International and out in the field during patrol or training sites hosted by different police departments. The training includes various hiding locations including, but not limited to: vehicles, buildings, bags, parcels and open areas. This training also includes proofing PSD Cyra on novel odors such as: plastic, boxes, latex, tape, metal, money (circulated and un-circulated) and food. I also proof PSD Cyra off my human odor. This training is on-going and continual.

On 02/24/23 @1600, TFO THOMPSON asked the assistance of PSD Cyra and I in a narcotic parcel investigation. PSD Cyra alerted to the presence of the odor of an illegal drug emitting from the following:

USPS parcel: EI 464 179 458 US

Addressed to: RYAN DASCANIO
4225 dana rd
newport beach, CA 92663-3603

K9 Officer Angel Bran ID#3655
Chino Police Department

EXHIBIT 1
Page 3 of 3